Cornelius C. Moore *et al. vs.* Jessie Margaret Budlong.

. NOVEMBER 7, 1928. .

Present: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

Sweetland, C. J. This is an action of the case in assumpsit, in which the plaintiffs as attorneys at law are suing to recover the value of professional services alleged to have been performed for the defendant at her request in a number of actions at law, in which she was a party, and particularly for services in connection with a petition for divorce from bed, board and future cohabitation preferred against the defendant by her husband.

The case at bar was tried before a justice of the Superior Court sitting with a jury and resulted in a verdict for the plaintiffs for $4,002.43. The defendant duly filed a motion for new trial which was denied by the justice. The cause is before us upon the defendant's exception to the decision of the justice upon her motion for new trial and upon her exceptions to rulings of the justice made in the course of the trial, and also upon the defendant's exception to a ruling and order of another justice of the Superior Court made and

entered in the case before the trial upon its merits. At the trial of the case in the Superior Court and in the hearing upon the bill of exceptions before us the defendant acted *pro se ipso*.

This action was commenced by a writ of attachment issued out of the Superior Court at Newport, on September 9, 1926, from which it appears by the officer's return thereon that under the precept of the writ the interest of the defendant in certain real estate in the town of Middletown was attached, and also that an attachment was made of personal estate of the defendant in the hands of a trustee of the defendant named in the writ. It further appears that upon the 10th day of September, 1926, there issued out of the Superior Court a writ of mesne process in aid of the original writ. By the officer's return upon said writ of mesne process it appears that the personal estate of the defendant in the hands of three trustees named in the writ was attached. We find in the record before us no return of the sheriff setting forth any further attachment of the defendant's property. On December 18, 1926, however, the plaintiffs filed a petition alleging that by writ of attachment in the cause the plaintiffs had attached an automobile of the defendant; that the same was being held by the sheriff under said attachment; that the automobile was being greatly reduced in value by keeping and could not be kept without great and disproportionate expense. The plaintiffs prayed for an order that the automobile be sold by the sheriff. After notice to the defendant, the petition to sell was heard and granted. The automobile was sold by the sheriff and the proceeds paid into the registry of the court. Later the defendant duly filed an exception to the decision "granting plaintiffs' motion to sell certain property."

Neither at the hearing before the Superior Court nor in support of her exception before us does the defendant refer to the state of the record which we have outlined above. She treats the alleged attachment of the automobile as having been made by the sheriff and contends solely that

the justice of the Superior Court abused his discretion in ordering its sale. We feel justified in assuming, solely for the purpose of the consideration of this exception however, that for some reason the face of the record does not truly set out the facts relative to the alleged attachment. We will consider the exception without prejudice to the right of either party to seek a correction of the record that it may accord with the facts for the protection of the purchaser at said sale, and also without prejudice to any other proceeding which may be taken by either party in regard to the premises.

Under the statute it is clearly within the jurisdiction of the court, in the exercise of a reasonable discretion, to order the sale of personal property under attachment when the court finds that said property will be greatly reduced in value by keeping or that it cannot be kept without great and disproportionate expense. The defendant has presented to us nothing which would warrant us in finding that the justice in ordering a sale abused the discretion conferred by statute.

Furthermore, the action of the justice in the premises is not reviewable upon exception. The defendant's exception did not stay the order for sale. The purchaser at the sale took the property by virtue of the valid order of a court acting within its jurisdiction. If we were of the opinion that the jurisdiction of the court had not been wisely exercised, nevertheless, in the absence of statutory provision, such determination would not effect a retransfer of the attached property from the purchaser at the sheriff's sale or from his assignee back to the attaching sheriff. With respect to an attempted review upon exception, the situation of an order and sale of personal property under attachment is analogous to that of a lower court's action upon a motion for the discharge from arrest of a defendant arrested in a cause upon an affidavit annexed to the writ. In each case the court is exercising a special statutory jurisdiction unrelated to the merits of the action. In each case the statute has made no provision for review, and in the absence of a

provision to that effect a review by exception would be impracticable. As we have previously held with reference to the determination of a lower court upon a motion to discharge from arrest, so we now hold in the matter under consideration that, from its nature and the ineffectiveness of a reversal of the action of the lower court, the general provisions with respect to prosecuting exceptions to this court do not apply to an order for the sale of attached personal property. *Coates* v. *Woodward*, 22 R. I. 562; *Shaw* v. *Silverstein*, 21 R. I. 500. Further, the defendant's right to press this exception before us is adversely affected by the following provision of Section 24, Chapter 348, General Laws, 1923: "Exceptions to decisions or rulings prior to trial shall be open to revision after verdict or final decision on the merits, but so far only as it appears to the supreme court that the verdict or final decision was erroneously affected thereby." The statute, however, does not leave the defendant remediless for under the provisions of sections 16, 17, 18, 20 and 21, Chapter 350, General Laws, 1923, a defendant whose goods and chattels have been attached may obtain the release of the goods and chattels from such attachment by giving bond to the attaching officer in the manner provided in said sections.

In the course of the trial of the petition of the defendant's husband for a divorce *a mensa et thoro* from the defendant, the defendant dismissed the plaintiffs from further service as her solicitors. In the trial of the action now under consideration one of the plaintiffs while upon the stand as a witness was asked to state why the defendant dismissed the plaintiffs. In a somewhat lengthy answer the witness told of the defendant's objections to the action of the plaintiffs in the conduct of her defence, and particularly her objection to the plaintiffs' unwillingness to cross-examine Mr. Budlong upon a matter which the presiding justice had ruled to be immaterial, and the witness stated that because the plaintiffs refused to so cross-examine Mr. Budlong the defendant dismissed the plaintiffs as her solicitors. Mrs.

396

Budlong is now relying upon an exception taken by her to the admission of this testimony. The exception is entirely without merit.

The defendant is relying upon an exception to a ruling of the justice refusing to admit in evidence a letter written to the defendant by a stranger to the cause. The refusal of the justice to admit the letter in the absence of evidence in any way connecting the plaintiffs with the sending of the letter is without error. Furthermore, the ruling of the justice was not prejudicial to the defendant's case as the matter contained in the letter was immaterial.

The defendant insists upon her exception to the ruling of the justice admitting the following question propounded in the cross-examination of the defendant as a witness: "You have testified to various bills that came before Judge Capotosto. Who was your attorney in the case before Judge Capotosto?" The justice admitted the question in cross-examination as relevant to matter testified to by the witness in her direct testimony. After considering this question in connection with all the direct testimony of the plaintiff we do not regard the ruling as erroneous.

The decision of the justice in denying the defendant's motion for a new trial is without error. There was evidence introduced at the trial which warranted the verdict, and we will not override the decision of the justice approving the finding of the jury.

All of the defendant's exceptions are overruled. The case is remitted to the Superior Court for further proceedings.

*William MacLeod,* for plaintiffs.
*Defendant pro se.*